HARRY F. BRUMBACH, JR. AND JANICE L. BRUMBACH, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Brumbach v. Commissioner
Docket No. 36648-86.
United States Tax Court
T.C. Memo 1987-450; 1987 Tax Ct. Memo LEXIS 447; 54 T.C.M. (CCH) 442; T.C.M. (RIA) 87450; September 9, 1987. Thomas G. Walker, Jr., for the petitioners. Victor A. Ramirez, for the respondent. PETERSON
MEMORANDUM FINDING OF FACT AND OPINION PETERSON, Special Trial Judge: This case was heard pursuant *448 to the provisions of Section 7456(d) of the Code (redesignated as section 7443A(b) by the Tax Reform Act of 1986, Pub. L. 99-514, section 1556, 100 Stat. 2755), and Rules 180, 181 and 182. [1]
Respondent determined a deficiency in petitioners' 1982 Federal income tax in the amount of $ 5,986.00. After a concession by petitioners, the sole issue is whether petitioners are entitled to an investment credit in excess of the amount allowed by respondent. This case was submitted without trial pursuant to Rule 122. The j oint stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioners, husband and wife, were residents of Twin Falls, Idaho at the time they filed their petition in this case. On October 15, 1982, petitioners entered into a Dairy Cow Management Contract with Idaho Livestock Leasing Services, Inc. (Idaho). The contract stated that petitioners wished to conduct a business of owning and leasing dairy cows. The contract provided that Idaho, as *449 attorney-in-fact of petitioners, would act as petitioners' agent in carrying on their cattle leasing activity. Apparently, Idaho performed all management functions of the business. During 1982 petitioners purchased at least 47 cattle. Petitioners claim that the total cost of the 47 cattle, including a 10 percent commission to Idaho for each purchase, was $ 48,653. Between December 10, 1982, and December 31, 1982, petitioners leased the 47 cattle to 3 different parties in 7 separate lease agreements. The term of each lease was 4 years. On their 1982 Federal income tax return petitioners claimed an investment credit in the amount of $ 4,865 for the purchase of cattle. Respondent disallowed the credit on the ground that the leased cattle did not qualify for the credit since the 4 year term of the lease was in excess of 50 percent of the 7 year useful life of the property as provided for in section 46(e)(3)(B). Petitioners do not dispute respondent's application of the law, but argue that the cattle had a useful life of 8.5 years, thus meeting the requirement of the statute that the term of the lease be less than 50 percent of the useful life. Petitioners contend that section *450 1.167(a)-11(b)(4), Income Tax Regs., permits a taxpayer to use any period within the asset depreciation range of 5.5 to 8.5 years listed in Rev. Proc. 77-10, 1977-1 C.V. 548, for the useful life of cattle. Respondent asserts that the useful life for the cattle is limited to the asset guideline period, which is 7 years under Rev. Proc. 77-10. Section 46(e)(3) provides that the useful life of section 168 recovery property is the present class life determined under section 168(g)(2). Recovery property is defined as tangible personal property subject to an allowance for depreciation that is used in a trade or business. Sec. 168(c)(1)(A). Section 168(g)(2) defines present class life as the class life applicable under Section 167(m). Section 167(m)(1) states that class lives are to be prescribed by the Secretary. Section 1.167(a)-11(b)(4)(i), Income Tax Regs., provides that class life under section 167(m) is the asset guideline period. Since the leased cattle are recovery property under section 168, they have a useful life equal to the asset guideline period. Asset guideline periods were established in Rev. Proc. 72-10, 1972-1 C.B. 721, [2] *451 pursuant to section 1.167(a)-11(b)(4)(ii), Income Tax Regs.Rev. Proc. 77-10 provides that the asset guideline period for cattle is 7 years. Thus, for purposes of section 46(e)(3), the useful life of petitioners' cattle is 7 years. Accordingly, petitioners do not qualify for the investment credit since the lease period of 4 years is in excess of 50 percent of the useful life of the cattle. Sec. 46(e)(3)(B). Additionally, petitioners claim that section 1.167(a)-11(b)(4), Income Tax Regs. is invalid "to the extent [it] can be read to require the class life for code [section] 178(m) purposes to be synonymous with the asset guideline period." However, petitioners offer nothing in support of their assertion and, in any event, we disagree. First, we note that section 1.167(a)-11(b)(4)(i), Income tax Regs. states that "the 'asset guideline period' is * * * the class life under section 167(m)." Second, section 167(m) provides that the Secretary is to determine class lives, and may also permit taxpayers a 20 percent *452 variance from the class life. We do not conclude that the period which includes the variance is the "class life." There are two distinct concepts involved and the regulations reasonably provide separate definitions for each term. Class life is the asset guideline period, and the period including the variance is the Asset guideline range. Sec. 1.167(a)-11(b)(4)(i), Income Tax Regs. It would be unreasonable to adopt petitioners'' interpretation which would give the two separate concepts the same meaning. Decision will be entered for the respondent.
Footnotes
1. Statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. Rev. Proc. 72-10 was superceded by Rev. Proc. 77-10, which was superceded by Rev. Proc. 83-35, 1983-1 C.B. 745↩.