PATRICK J. AND HELEN L. FISHER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Fisher v. Commissioner
Docket No. 20803-88
United States Tax Court
T.C. Memo 1990-185; 1990 Tax Ct. Memo LEXIS 200; 59 T.C.M. (CCH) 349; T.C.M. (RIA) 90185; April 9, 1990
Peter S. Lewicki, for the petitioners. Catherine L. Campbell, for the respondent. FAY
MEMORANDUM OPINION FAY, Judge: Respondent determined the following deficiencies in petitioners' Federal income tax: Year
Deficiency
1980
$ 4,541.00
1983
8,818.00
The issues for decision are: (1) whether petitioners are entitled to an investment tax credit for the purchasing *201 and placing in service of two vehicles in taxable year 1983; and, if so, (2) whether petitioners are entitled to carry back a portion of that investment tax credit to taxable year 1980. Petitioners, husband and wife, resided in Kent, Washington, when they filed the petition in this case. In March of 1983 petitioners purchased two Freightline vehicles. The purchase price of each vehicle was $ 68,510.00. Petitioners, in their individual capacities, leased the two vehicles to Express One, Inc., for a period of three years. On their 1983 Federal income tax return, petitioners claimed an investment tax credit for the purchase of the vehicles. Petitioners carried back the unused portion of the investment tax credit to taxable year 1980. In his notice of deficiency respondent determined the vehicles had a useful life of five years, the three year lease term exceeded 50 percent of the asserted five year useful life, and therefore the vehicles did not qualify for an ITC pursuant to section 46(e)(3)(B). [1]
Petitioners agree section 46(e)(3)(B) would prohibit their *202 claim for an ITC if the vehicles had a useful life of less than or equal to six years. However, petitioners assert the vehicles had a useful life of seven years each. [2] Petitioners contend section 1.167(a)-11(b)(4), Income Tax Regs., permits a taxpayer to use any period within the asset depreciation range set forth in Rev. Proc. 83-35, 1983-1 C.B. 745, as the useful life of heavy general purpose trucks. The range established in the Rev. Proc. 83-35 is from five to seven years. Petitioners assert seven years is the useful life of the vehicles. Respondent asserts the useful life is the "asset guideline period." In Rev. Proc. 83-35, the applicable asset guideline period for heavy general purpose trucks is six years. We agree with respondent. Section 46(e)(3) provides *203 the useful life of section 168 recovery property is the present class life determined under section 168(g)(2). Recovery property, as defined by section 168(c)(1)(A), is tangible personal property subject to an allowance for depreciation that is used in a trade or business. Present class life, as defined by section 168(g)(2), is the class life applicable under section 167(m). Section 167(m) provides class lives are to be prescribed by the Secretary. Section 1.167(a)-11(b)(4)(i), Income Tax Regs., provides class life under section 167(m) is the asset guideline period. See Brumbach v. Commissioner, T.C. Memo. 1987-450, and Swartling v. Commissioner, T.C. Memo. 1987-506. Asset guideline periods are provided by Rev. Proc. 83-35. [3]Rev. Proc. 83-35 provides the asset guideline period for heavy general purpose trucks is six years. Therefore, for purposes of section 46(e)(3), the useful life of petitioners' vehicles is six years. Petitioners do not qualify for the investment tax credit for taxable year 1983 since the lease term of three years is equal to or exceeds 50 percent of the useful life of the vehicles. Petitioners *204 are also not entitled to investment tax credit carrybacks to 1980. The parties agree petitioners are entitled to have the depreciable basis of the vehicles recalculated. To reflect the foregoing. Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the years in issue.↩
2. Petitioners spent a substantial portion of the trial and their briefs presenting evidence and arguments designed to prove the vehicles should be classified as "heavy general purpose trucks," as opposed to "tractor units for use over-the-road." For purposes of decision, we assume, without deciding, the vehicles are "heavy general purpose trucks" as petitioners assert.↩
3. Rev. Proc. 83-35 supersedes Rev. Proc. 77-10 which superseded Rev. Proc. 72-10. Rev. Proc. 72-10 established asset guideline periods pursuant to section 1.167(a)-11(b)(4)(ii), Income Tax Regs.↩